# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-18 39th Avenue, Suite 1003
Flushing, New York 11354

August 2, 2018

Lorena P. Duarte, Esq.
Tel : (718) 353-8522
Fax: (718) 353-6288
Email: lduarte@hanglaw.com

**VIA E-Mail:**
Hon. Judge Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> RE: Case No. 1:18-cv-01342-LGS
> Monica v. Deals on Broadway Corp. et al.

Dear Hon. Judge Schofield:

     Plaintiff Antonina Monica Monica ("Plaintiff," "Plaintiff Monica," or "Ms. Monica") and Defendants, Deals On Broadway Corp. d/b/a Deals On Broadway, and Jalal Saab (collectively, "Defendants") respectfully request that Your Honor approve the settlement reached in this matter. A copy of the proposed settlement agreement is annexed herein as **Exhibit A**.

     **Settlement Amount**

     Both parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiff for alleged unpaid minimum wages, overtime wages, failure to give a wage notice at time of hire, and failure to provide paystubs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL").

     Plaintiff Monica alleged that she was formerly employed as a customer service provider, stock person and cleaning person for Deals On Broadway Corp. d/b/a Deals On Broadway, a clothing store owned by Defendants and located at 32 W. 28th Street, New York, NY 10001. Defendants hired Plaintiff from April 16, 2014 to February 2, 2018. Plaintiff alleges that she worked an average of 63 hours per week and was initially paid in cash and later paid by check. Although Plaintiff Monica was paid minimum wage, the checks did not properly reflect all the hours worked, and she was not paid for all the hours of overtime she worked.

     If Plaintiff was to prevail on all of her FLSA claims, she believes that her unpaid wages and overtime premiums, exclusive of liquidated damages, would total approximately $54,327.28.

HANG & ASSOCIATES, PLLC

Hon. Judge Lorna G. Schofield
Page 2

Plaintiff is confident that she can prove her allegations through witness testimony and documentary evidence.

Defendants for their part asserted that Plaintiff was paid time and one-half whenever she worked more than forty (40) hours in a week. The wage statements provided to Plaintiff with her checks accurately reflected her total hours, which ranged from as much as sixty-three (63) hours in a given workweek to as few as thirty-six (36) hours in a given workweek over the course of the relevant period. Plaintiff's wage statements for the majority of the relevant period reflect that Defendants paid her at her regular hourly (minimum wage) rate for all hours up to forty (40) in a given workweek, and paid Plaintiff at the overtime rate of time and one-half for all hours over forty (40) in a given workweek. While neither side has complete records of all hours that Plaintiff worked and the amounts that she was paid during the relevant time period, Defendants provided Plaintiff with contemporaneous documents (wage statements and weekly attendance records) in support of their position that Plaintiff was not owed any unpaid overtime for a substantial portion of that relevant time period. Defendants contend that at trial, this documentary evidence would refute any contrary witness testimony or documentary evidence produced by Plaintiff.

The parties therefore acknowledge that they face risks of not being able to prevail on some or all of their claims and/or defenses if this case were to proceed to trial. In order to avoid the risks, expense and burdens of further litigation in establishing their respective positions, the parties have agreed to resolve and settle the case for the gross amount of **$52,000.00**. After the deduction of Plaintiff's counsel's attorneys' fees and costs of $17,800.00 (discussed further below), this results in settlement payments to Plaintiff Monica of $34,200.00. This reflects a reasonable compromise between the parties' disputed positions over Defendants' alleged failure to pay overtime wages, failure to give a wage notice at time of hire, and failure to provide accurate paystubs. This amount also considers the costs and the uncertainty of protracted litigation. At Plaintiff's request, the parties have provided that the payment of the settlement amount will be held in escrow pending this Court's review of the settlement agreement. This settlement was reached after extensive and substantial arms'-length negotiations, and the parties agree that the settlement is fair and reasonable.

### **Fairness of the Settlement Agreement**

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." *Johnson v. Brennan*, No. 10-cv-471, 2011 U.S. Dist. LEXIS 105775, at *35 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Id*. at *36 (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Plaintiff's recovery – after attorneys' fees – is clearly fair and reasonable. *See, e.g., Meigel v. Flowers of the World, NYC, Inc.*, No. 11 Civ. 465, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); *Hernandez v. C-Penn Foods Inc.*, No. 11 Civ. 7410, 2011 U.S. Dist. LEXIS

**HANG & ASSOCIATES, PLLC**

Hon. Judge Lorna G. Schofield
Page 3

144798, at *2 (S.D.N.Y. Dec. 13, 2011) ("[G]iven the disputed issues of fact relating to Plaintiff's wage claims and the fact that the settlement was reached pursuant to arm's length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable.").

The settlement agreement reached by the parties is fair. Although Plaintiff's recollection of her hours may be sufficient to prove the hours that she worked and the wages she received, her recollection is not binding on the fact finder. *See Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 590 (2d Cir. 2007). Given Plaintiff's interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to her claimed hours. Further, Defendants' documentary evidence substantiates their claim that Plaintiff was paid at an overtime rate of time-and-one-half for all hours that she worked over forty (40) hours in any workweek. .

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiff, the settlement agreement represents a reasonable compromise with respect to contested issues. Further, while this action was pleaded as a collective action under the FLSA, it has not been prosecuted as such, and there has been no publicity concerning this matter; consequently, there is no prejudice to any potential class member who is not a party to the settlement agreement.

### **Attorney's Fees**

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiff, the firm will be reimbursed $400.00 for filing fees and $300.00 for costs for a total of $700.00 in out-of-pocket expenses, and retain one-third of the settlement amount ($17,100.00) as attorneys' fees, for a total of $17,800.00, as set forth in Paragraph 2 of the Settlement Agreement. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181-82 (S.D.N.Y. 2015)). Therefore, as one-third is standard practice in FLSA claims, it is a fair number for this matter as well.

Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. Mr. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. He currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates Mr. Hang practiced labor law at Epstein, Becker & Green, P.C.

**HANG & ASSOCIATES, PLLC**

Hon. Judge Lorna G. Schofield
Page 4

Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, Jian Hang typically charges an hourly rate of $400. Hang & Associates spent a considerable amount of time on this matter, and had it been billing hourly, it would have incurred fees and costs of $20,180.00.

### Conclusion

For the foregoing reasons, counsel for all parties jointly and respectfully request that the Court approve the parties' settlement agreement as fair and reasonable, and dismiss this action with prejudice. *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 U.S. Dist. LEXIS 115984, at *14-*17 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

Respectfully submitted,

*/s/ Lorena P. Duarte*
Lorena P. Duarte, Esq.


cc:   Regina E. Faul, Esq.
      Laura E. Longobardi, Esq.