USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/18/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
ANTONINA "MONICA" MONICA,           :

                Plaintiff,  :

  -against-                        :

DEALS ON BROADWAY CORP., doing      :
business as "Deals on Broadway,"
et al.,                             :

                Defendants. :
----------------------------------X

18 Civ. 1342 (HBP)

OPINION
AND ORDER

       PITMAN, United States Magistrate Judge:

       This matter is before me for review of the parties' settlement agreement in this action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. and the New York Labor Law ("NYLL"). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the settlement is approved.

       The parties were able to reach their settlement without the assistance of the Court. Accordingly, my knowledge of the case is limited to the allegations in the complaint and the information provided in plaintiff's letter in support of the settlement.

       Plaintiff was employed at defendants' retail clothing store frm April 16, 2014 through February 2, 2018. The complaint states that plaintiff worked as "a cleaning person, stock up

person and customer service provider" (Complaint (Docket Item ("D.I.") 1) ("Compl.") ¶ 7). Plaintiff claims that she worked an average of 63 hours per week. She further claims that until April 2016, she was paid a flat daily wage of $70.00. From April 2016 through January 2018, she was paid at an hourly rate of $10.50 for all hours that she worked, and from January 2018 through the end of her employment, she was paid at an hourly rate of $12.00 for all hours that she worked. For the latter portion of her tenure with defendants, she was paid by check and apparently received a wage statement. She claims that the wage statement substantially understated the hours that she actually worked in order to create the appearance that she received appropriate overtime pay (Compl. ¶ 26). Based on the foregoing, plaintiff has alleged claims under the FLSA and the NYLL contending that defendants failed to pay her the minimum wage, overtime premium pay, and spread-of-hours pay, and that defendants are liable for statutory penalties for failing to provide the required wage notice and wage statements. Plaintiff claims that her total unpaid straight time and overtime wages are $54,327.28, exclusive of liquidated damages. Other than the fact of plaintiff's employment, defendants have denied all of the material allegations in the complaint.

The settlement provides that defendants will pay a total amount of $52,000.00 -- $34,200.00 to be paid to plaintiff and $17,800.00 to be paid to counsel for fees and costs.

Court approval of an FLSA settlement is appropriate

> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376 at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliquichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the

3

>settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, the net settlement amount represents approximately 63% of plaintiff's claimed unpaid wages and overtime pay. Defendants contend that they have time records that accurately reflect the hours plaintiff worked and additional documentary evidence establishing that plaintiff always received the legally required straight time and overtime pay. Although plaintiff claims that she has documentary and testimonial evidence that will support her claims, she has not identified this evidence. As discussed in more detail below, given the risks these issues present, the settlement amount is reasonable.

Second, the settlement will entirely avoid the expense and aggravation of litigation. As noted above, defendants dispute the number of hours plaintiff worked and almost all the material allegations of the complaint. Thus, trial preparation would likely require depositions of both sides to explore these issues. The settlement avoids the necessity of conducting these depositions.

Third, the settlement will enable plaintiff to avoid the risk of litigation. To prevail at trial plaintiff, will bear the burden of proving the number of hours that she worked and how

4

much she was paid. Given plaintiff's apparent inability to identify any corroborating evidence and her interest in the outcome, there is a non-trivial risk that a fact finder may not credit her testimony. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted)).

Fourth, there is no evidence that the settlement is anything other than the product of arm's-length bargaining between experienced counsel. The fact that the gross settlement amount is almost equal to the total amount of claimed unpaid wages and overtime is circumstantial evidence that the settlement

5

was not the product of collusion between counsel or any other misconduct.

Fifth, there is no evidence suggesting fraud. As noted in the preceding paragraph, the gross amount of the settlement inferentially negates the possibility of fraud or collusion.

The settlement agreement also contains a release of defendants limited to wage and hour claims. Such a limited release is unquestionably permissible. See Redwood v. Cassway Contracting Corp., 16 Civ. 3502 (HBP), 2017 WL 4764486 at *3 (S.D.N.Y. Oct. 18, 2017) (Pitman, M.J.) (release of defendants "from any and all wage and hour and/or notice claims" that could have been brought permissible "because it is limited to claims relating to wage and hour issues"); Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. Apr. 28, 2017) (Pitman, M.J.) (release that is "narrowly-tailored to plaintiffs' wage-and-hour claims" permissible); see also Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.); Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.).

Finally, the settlement provides that 33.3% of the net settlement fund -- $17,100.00 -- will be paid to plaintiff's counsel as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. Santos v. EL

6

Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.). This figure is also almost equal to plaintiff's counsel's lodestar figure of $17,640.00 (Letter from Lorena P. Duarte, Esq. to the undersigned, dated August 2, 2018, (D.I. 30), Time Records Annexed as Undesignated Exhibit).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed.

Dated: New York, New York
January 18, 2019

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel